UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| TYRONE HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | No. 6:18-CV-189-REW |
| | ) | |
| v. | ) | |
| | ) | |
| J.A. BARNHART, Warden, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Tyrone Harris is a former inmate at the Federal Correctional Institution (FCI) in Manchester, Kentucky.[1] Proceeding without a lawyer, Harris filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges the sentence from his underlying criminal case. DE #1. The United States responded (DE #15), and Harris replied (DE #18). This matter is therefore ripe for decision. However, before the Court can fully resolve the petition, it requires supplemental briefing on the outstanding issues identified in this Order. The Court will, in the interests of justice, appoint an attorney to assist Harris going forward.

I.

In February 2012, Harris pleaded guilty to one count of being a felon in possession of a firearm. *See United States v. Tyrone Harris*, No. 4:11-cr-038-GAF-1 at DE #128 (W.D. Mo. Feb. 3, 2012). The offense ordinarily carries a maximum imprisonment term of ten years. *See* 18 U.S.C. § 924(a)(2). However, at Harris's plea hearing, the United States argued that he was subject to a

---

[1] While this petition was pending, Harris was transferred to a facility outside this District. *See* DE #27. As the Court discussed via separate Order, *see* DE #28, Harris's transfer did not divest this Court of jurisdiction over DE #1. *See White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002) ("A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending.").

fifteen-year mandatory minimum sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had at least three prior convictions in Missouri for second-degree burglary and all of those convictions qualified as "violent felonies" under the ACCA. *See id.* at DE #158 at 7–8.

After the trial court accepted Harris's guilty plea, the United States Probation Office prepared a presentence investigation report (PIR). DE #14. The Probation Office determined that Harris was indeed an armed career criminal under ACCA in light of his criminal history, including the Missouri second-degree burglary convictions. *Id.* at 7–25, 35. As a result, the Probation Office concluded that Harris's final Guidelines range was 180 to 210 months. *Id.* at 35.[2]

At sentencing, the district court agreed with the Probation Office, stating: "The sentencing guidelines recommend consideration of a range of 168 to 210 months, but the bottom of that . . . is overridden by the statutory range of 15 years or 180 months, and that results in a guideline recommended range of sentence of 180 to 210 months." *United States v. Tyrone Harris*, No. 4:11-cr-038-GAF-1 at DE #159 at 8. The district court then considered the various factors set forth under 18 U.S.C. § 3553(a) and sentenced Harris to 210 months in prison. *See id.* at DE #159 at 10–11.

Harris appealed, but the United States Court of Appeals for the Eighth Circuit affirmed the district court's judgment. *See id.* at DE #161-1. Harris then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *See Tyrone Harris v. United States*, No. 4:15-cv-124-GAF at DE #1 (W.D. Mo. Feb. 19, 2015). The district court denied that motion, *see id.* at

---

[2] This Guidelines range was in part the result of a substantial base offense level increase applied because the Probation Office (and subsequently the court) deemed Harris an armed career criminal. *See id.* at 7.

DE #11, and the Eighth Circuit denied Harris a certificate of appealability, as well as his application for leave to file a second § 2255 motion. *See* No. 4:15-cv-124-GAF at DE #18.

Harris has now filed a § 2241 petition with this Court. Harris argues for the first time that his prior second-degree burglary convictions in Missouri no longer qualify as ACCA violent felonies, given the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as the Eighth Circuit's recent en banc decision in *United States v. Naylor*, 887 F.3d 397 (8th Cir. 2018). In *Mathis*, the Supreme Court clarified the correct approach for determining whether prior offenses qualify as violent felonies for purposes of a sentence enhancement under ACCA, and, in *Naylor*, the Eighth Circuit held that Missouri second-degree burglary does not qualify as an ACCA violent felony. In light of these decisions, Harris claims that he should be resentenced without the ACCA enhancement.

## II.

Here, Harris may collaterally attack his underlying sentence via § 2241. Generally, a federal prisoner may challenge the legality of his sentence only on direct appeal, in an initial § 2255 motion, and through a warranted second or successive § 2255 motion. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Harris already pursued a direct appeal and an initial § 2255 motion to no avail, and the Eighth Circuit previously denied him leave to file a second § 2255 motion. Thus, it would appear that Harris could only pursue his latest claim by seeking leave to file a successive § 2255 motion. However, a successive § 2255 motion is proper only if it (1) contains newly discovered evidence that "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty," or (2) is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Here, there is no dispute

3

that Harris has not made either showing; indeed, he puts forth no new evidence, and his petition is based on a case, *Mathis*, centering on statutory construction.

Still, under binding Sixth Circuit law, Harris can proceed with his petition because of the savings clause found in § 2255(e). That provision states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added). The Sixth Circuit has determined that "where the remedy under § 2255 is inadequate or ineffective, the savings clause allows a federal prisoner to bring a claim challenging his conviction or imposition of sentence under § 2241." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (quotation marks and citation omitted). The Sixth Circuit also articulated the test that applies, in this context, when a petitioner attempts to come within the savings clause. *Id.* at 595. When the target of a § 2241 petition is a misapplied sentence, the petitioner must establish: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Id.*

Harris meets *Hill*'s first two requirements. The Sixth Circuit has repeatedly said in § 2241 cases that *Mathis*—which clarified the correct analysis for assaying ACCA predicates—is a case of statutory interpretation that is retroactive. *See Sutton v. Quintana*, No. 16-6534, 2017 WL 4677548, *2 (6th Cir. July 12, 2017); *Dowell v. Quintana*, No. 17-5297, 2017 U.S. App. LEXIS 23409, *2 (6th Cir. Nov. 17, 2017); *Muir v. Quintana*, No. 17-6050, 2018 WL 4276133, *2 (6th Cir. Apr. 26, 2018). And, the Supreme Court did not decide *Mathis* until 2016; thus, Harris could not have invoked it in his initial § 2255 motion, filed in 2015.

4

Based on the record before the Court, Harris may also satisfy *Hill*'s third requirement. Critically, the Eighth Circuit's recent en banc decision in *Naylor* makes clear that, in light of *Mathis*, Missouri second-degree burglary does *not* qualify as a violent felony under ACCA. *See Naylor*, 887 F.3d at 407. Accordingly, had the law as refined by *Mathis* and *Naylor* been applied at the time of Harris's sentencing, his Missouri second-degree burglary convictions would not have been ACCA priors. Assuming that Harris does not have other qualifying predicate convictions, and the United States has not yet argued that he does,[3] this may amount to a fundamental defect under the third *Hill* prong. *See Sutton*, 2017 WL 4677548, at *2 ("[B]ecause Sutton's sentence exceeds the 10-year maximum he would have faced absent ACCA enhancement, its erroneous imposition amounts to a fundamental defect." (citing *Hill*, 836 F.3d at 597)).

It is true, as the United States points out in its response, that the Sixth Circuit (in one place) limited its holding in *Hill* to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005)," *Hill*, 836 F.3d at 599-600, and Harris was sentenced in 2012, after the Supreme Court decided *Booker*.[4] However, at least one subsequent unpublished decision from the Sixth Circuit indicates that *Hill*'s holding actually does apply post-

---

[3] Nor are any otherwise-qualifying predicate convictions evident from the PIR or sentencing transcript. *See* DE #14 (PIR); DE #15-4 (Sentencing Tr.).

[4] A later Sixth Circuit panel questioned whether the pre-*Booker* requirement of *Hill* was truly a part of the Court's broader analysis:

> It is not clear whether this even narrower language was intended to add an additional element to the comparatively broader three-part substantive showing that a petitioner must make in order to challenge a sentencing error in a § 2241 petition under the savings clause, *see* [*Hill*, 836 F.3d] at 595, or merely a statement of the specific circumstances before the court in *Hill*.

*Neuman v. United States*, No. 17-6100, 2018 WL 4520483, at *2 n.1 (6th Cir. May 21, 2018), *cert. denied*, 139 S. Ct. 443 (2018).

5

*Booker*, to defendants whose sentences were enhanced improperly under ACCA. *See Sutton*, 2017 WL 4677548, at *1.

In *Sutton*, a jury found the defendant, Gary Sutton, guilty of being a felon in possession of a firearm. *Id.* In December 2006, after the Supreme Court decided *Booker*, the trial court held a sentencing hearing and determined that Sutton qualified for ACCA enhancement because of his prior state convictions, including one Missouri second-degree burglary conviction—the same predicate offense at issue here. *Id.* The trial court sentenced Sutton to 280 months in prison. *Id.* After an unsuccessful appeal and attempts at collateral relief, Sutton filed a § 2241 petition with this Court in 2016. *Id.* Sutton argued that his prior second-degree burglary conviction in Missouri no longer qualified as a violent felony under ACCA in light of multiple Supreme Court decisions, including but not limited to *Mathis*, as well as relevant Eighth Circuit case law. *See id.* at *1–*2. Thus, Sutton claimed that he was entitled to a reduced sentence. *See id.* at *1.

Although this District denied Sutton's petition, finding § 2241 the wrong vehicle for challenging the length of his sentence, *Sutton v. Quintana*, No. 5:16-cv-274-KKC at DE #5 (E.D. Ky. Sept. 2, 2016), the Sixth Circuit reversed. *See Sutton*, 2017 WL 4677548, at *1. The Circuit determined that Sutton satisfied *Hill*'s first two requirements because *Mathis* is a case of statutory interpretation that applies retroactively and was not available when Sutton filed his previous post-conviction motions. *Id.* at *2. The Court then decided that Sutton met *Hill*'s third requirement because, in light of *Mathis*, the Eighth Circuit had questioned whether Missouri's second-degree burglary statute qualified as a violent felony under ACCA. *Id.* Because Sutton's sentence exceeded the 10-year maximum he would have faced absent ACCA enhancement, the Sixth Circuit held that the imposition of the enhancement was a fundamental defect. *Id.* Thus, the Court allowed Sutton

6

to advance the *Mathis* claim in his § 2241 petition, notwithstanding the fact that he was sentenced post-*Booker*.[5] *See id.*

In light of the foregoing analysis, the Court will allow Harris to proceed with his petition, collaterally attacking his underlying ACCA-enhanced sentence via § 2241, despite its post-*Booker* imposition. This result is consistent with a recent decision issued by this District resolving a similar § 2241 petition. *See West v. Barnhart*, No. 6:18-cv-126-DCR at DE #12 (July 18, 2018) ("Had the law as clarified in *Mathis* been applied at the time of West's sentencing [in 2010], he would not have been deemed a career offender under the ACCA. Accordingly, he satisfied the three requirements necessary to attack his sentence via a § 2241 petition.").

That said, before the Court can fully resolve this petition, the parties must file supplemental briefs regarding outstanding issues in the case. First, while the United States filed a copy of Harris's PIR into the record (DE #14), and it is clear that Harris has a criminal history beyond his Missouri second-degree burglary convictions, it is not clear whether any of Harris's other convictions qualify as ACCA predicates. Thus, the parties must provide supplemental briefing on whether Harris qualifies for ACCA enhancement notwithstanding his well-taken arguments about

---

[5] After *Sutton*, the Sixth Circuit again suggested that *Hill* allows a prisoner to challenge a post-*Booker*, ACCA-enhanced sentence via § 2241. *See Muir*, 2018 WL 4276133, at *1. That case involved defendant Edgar Muir, who pleaded guilty in 2008 to being a felon in possession of a firearm. *Id.* The trial court determined that Muir was ACCA-eligible, and it sentenced him to 211 months in prison. *Id.* Muir eventually filed a § 2241 petition with this Court, arguing that his ACCA-enhanced sentence was invalid because some of his prior felony convictions no longer qualified as violent felonies in light of Supreme Court case law, including *Mathis*. *Id.* After this Court denied Muir relief, the Sixth Circuit analyzed his petition under the *Hill* framework, implying that he could, indeed, challenge his post-*Booker*, ACCA-enhanced sentence via § 2241. *See id.* at *2. The Court specifically said that Muir satisfied *Hill*'s first and second requirements because the Supreme Court decisions he cited (*Mathis* among them) were cases of statutory interpretation that applied retroactively. *Id.* Muir, however, failed to meet *Hill*'s third requirement because he still had enough predicate convictions to justify ACCA enhancement notwithstanding those that may not have qualified in light of Supreme Court case law. *Id.* For that particular reason, the Sixth Circuit affirmed this Court's judgment denying Muir's petition. *Id.* at *3. *Cf. Blackwell v. Quintana*, No. 17-5309 (6th Cir. Aug. 31, 2017) (order) (applying the pre-*Booker* prong of <u>Hill</u>).

the Missouri second-degree burglary convictions. Second, assuming that Harris does not qualify for heightened penalties under ACCA, the parties must state whether they would consent to the transfer of this case to the Western District of Missouri for further proceedings, including resentencing. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought *or to any district or division to which all parties have consented*." (emphasis added)). Given these important outstanding issues, the Court will appoint an attorney to represent Harris going forward.

### III.

Accordingly, the Court **ORDERS** as follows:

1. Pursuant to 18 U.S.C. § 3006A(a)(2)(B), the Court provisionally appoints Hon. Sebastian Joy to represent Petitioner Tyrone Harris in this matter;

2. The Clerk shall mail Petitioner a CJA Form 23 Financial Affidavit, and Harris shall complete and return that form to this Court **within thirty (30) days** of this Order; and

3. After Petitioner has submitted the completed CJA Form 23 and counsel has entered an appearance, the Court will issue a briefing schedule.

This the 18th day of April, 2019.

Signed By:
*Robert E. Wier* REW
United States District Judge